IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CRESENCIO JUAREZ RAMIRO, Movant, | :: :: | MOTION TO VACATE 28 U.S.C. § 2255 |
| | :: | |
| v. | :: :: | CRIMINAL ACTION NO. 1:14-CR-173-WSD-LTW |
| | :: | |
| UNITED STATES OF AMERICA, Respondent. | :: :: | CIVIL ACTION NO. 1:16-CV-3389-WSD-LTW |

**FINAL REPORT AND RECOMMENDATION**

Movant is a federal prisoner who, pro se, challenges his sentence under 28 U.S.C. § 2255. (Doc. 27.)[1] Respondent filed a brief opposing the motion, (doc. 33), and Movant filed a reply, (doc. 34). For the reasons discussed below, the undersigned recommends that the motion be dismissed as untimely and that a certificate of appealability be denied.

## I. Background

Movant pled guilty, pursuant to a negotiated plea agreement, to conspiring to possess methamphetamine with intent to distribute it. (Docs. 3, 3-1.) On January 9, 2015, the Court sentenced Movant to ninety-six months' imprisonment and three

[1] All citations to the record are to case number 1:14-cr-173-WSD-LTW.

years' supervised release. (Doc. 14.) The judgment of conviction was entered on January 12, 2015. (Doc. 15.)

In an affidavit in support of his § 2255 motion, Movant states that at sentencing he told his lawyer to appeal the sentence and his lawyer said "he would handle it and . . . just to be patient." (Doc. 27 at 13.) An appeal was never filed. Movant avers that he "waited for over one (1) year" and then wrote the Clerk of Court requesting the status of his case and a copy of the docket sheet. (*Id.*)

Movant's letter to the Clerk is dated July 21, 2016. (Doc. 35.) In that letter, Movant stated that despite telling his lawyer at sentencing that he wanted to appeal his sentence, "as of the date of this letter, I have yet to receive any information and/or notice relating to my requested appeal. . . . [P]lease check the [] docket entries to confirm if my attorney filed for an appeal on my behalf . . . ."[2] (*Id.* at 1.)

Movant avers that he learned his lawyer had not filed an appeal when he received the docket sheet on August 19, 2016. (Doc. 27 at 13.) Movant filed his § 2255 motion on September 1, 2016.[3]

---

[2] On December 20, 2016, the Clerk docketed Movant's letter as a notice of appeal.

[3] A prisoner proceeding pro se is deemed to have filed a document in federal court on the date he gave it to prison officials for mailing. *Williams v. McNeil*, 557

In 2015, Movant, pro se, filed two motions to reduce his sentence. (Docs. 17, 20.) In the first motion, which is dated April 27, 2015, and completed on a form, Movant requested that the Court appoint a lawyer to represent him. (Doc. 17 at 2-3.) Movant left blank the section of the form that asked him to identify any present legal counsel and the lawyer who represented him in this case. (*Id.* at 3.) In the second motion, which is dated September 9, 2015, Movant again requested appointment of counsel and stated that he "was previously represented by the Federal Defendant's Office or an Attorney appointed under the Criminal Justice Act." (Doc. 20 at 1-2.) On January 13, 2016, the Court received from Movant a letter further seeking a sentence reduction. (Doc. 24.)

The Court denied both motions for sentence reduction. (Doc. 26.) Movant did not mention in either of those motions that he had an appeal pending, that he had told his lawyer to file an appeal, or that he had tried to contact his lawyer after sentencing. (Docs. 17, 20, 24.)

Movant's first claim in his § 2255 motion is that his lawyer rendered ineffective assistance by failing to file an appeal as instructed. (Doc. 27 at 4-5.) Movant also

---

F.3d 1287, 1290 n.2 (11th Cir. 2009). Movant certified that he placed his filing in the prison mailing system on September 1, 2016. (Doc. 27 at 12.)

AO 72A
(Rev.8/82)

claims that his lawyer was ineffective for not challenging the unreasonableness of his sentence and for not seeking a sentence reduction for Movant's minor role in the crime. (*Id.* at 5-7.) Movant's final claim is that Respondent breached the plea agreement by not moving for an additional one-point reduction under the U.S. Sentencing Guidelines for Movant's acceptance of responsibility. (*Id.* at 8-9.)

Respondent contends that Movant's § 2255 motion is untimely because he did not file it within one year of his judgment of conviction becoming final and that he is not entitled to equitable tolling of the one-year period. (Doc. 33.) Movant argues that the period should be equitably tolled because of his lawyer's alleged failure to file an appeal as instructed. (Docs. 27, 34.) In his reply brief, Movant reiterated that "he realized he was on his own[] when he wrote the Court [i]n August of 2016 seeking the status of his appeal." (Doc. 34 at 5.) Movant added the following in his reply brief: "Prior to August of 2016, Movant avers that he tried calling the attorney, when he could not reach him, Movant enlisted his cousin in California to try to contact the attorney, but the attorney never answered the calls."[4] (*Id.*)

---

[4] That is the only statement in any of Movant's filings since sentencing, which was almost two years ago, regarding any attempt to contact his lawyer after sentencing. Movant did not state when he or his cousin called his lawyer or whether either of them called more than once.

AO 72A
(Rev.8/82)

## II. Relevant Legal Standards

A one-year statute of limitations applies to a federal prisoner's motion for relief under § 2255. 28 U.S.C. § 2255(f). The limitations period runs from the date on which the judgment of conviction becomes final unless unlawful government action impeded the filing of the § 2255 motion, the movant asserts a right newly recognized by the U.S. Supreme Court and made retroactively applicable to cases on collateral review, or the movant discovered facts supporting the claim that could not have been discovered earlier with due diligence. *Id.*

A judgment of conviction becomes final when all appeals have been decided or the time to seek further review has expired. *Close v. United States*, 336 F.3d 1283, 1284-85 (11th Cir. 2003). If a federal defendant does not file an appeal, the judgment of conviction becomes final when the time to file an appeal – fourteen days in this case – expires. 28 U.S.C. § 2255(f)(1); *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000).

A federal court can consider the merits of an untimely § 2255 motion only if the movant establishes that he is actually innocent or that the limitations period should be equitably tolled. *San Martin v. McNeil*, 633 F.3d 1257, 1267-68 (11th Cir. 2011); *United States v. Montano*, 398 F.3d 1276, 1279-80 (11th Cir. 2005). The limitations

period may be equitably tolled only if the movant demonstrates that his delay in filing his § 2255 motion resulted from extraordinary circumstances outside his control and that he exercised reasonable diligence in pursuing his rights. *See Holland v. Florida*, 130 S. Ct. 2549, 2562, 2565 (2010). The burden of showing that the limitations period should be equitably tolled "rests squarely on the petitioner," who must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin*, 633 F.3d at 1267-68. Equitable tolling is a "rare and extraordinary remedy." *Id.* at 1271 (quotation marks omitted).

A prisoner's unfamiliarity with or ignorance of legal procedures for challenging his judgment of conviction does not justify equitable tolling. *See Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013) ("[W]e have not accepted a lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion."); *Christides v. Comm'r of Soc. Sec.*, 478 F. App'x 581, 584 (11th Cir. 2012) ("Neither . . . pro se status nor her apparent ignorance of the law, by themselves, constitutes extraordinary circumstances [for equitable tolling]."). And "attorney negligence, however gross or egregious, does not qualify as an 'extraordinary circumstance' for purposes of equitable tolling." *Cadet v. Fla. Dep't of Corr.*, 742 F.3d 473, 481 (11th Cir. 2014). The only attorney conduct that

AO 72A
(Rev.8/82)

constitutes an extraordinary circumstance is abandonment of the client. *Id.*; *see Maples v. Thomas*, 132 S. Ct. 912, 924 (2012) ("[U]nder agency principles, a client cannot be charged with the acts or omissions of an attorney who has abandoned him. Nor can a client be faulted for failing to act on his own behalf when he lacks reason to believe his attorneys of record, in fact, are not representing him.").

## III. Analysis

The parties agree that the one-year limitations period started on the date Movant's judgment of conviction became final. (Doc. 33 at 5; Doc. 34 at 2.) Judgment was entered on January 12, 2015. (Doc. 15.) An appeal was not filed, so the judgment became final fourteen days later, which was January 26, 2015. The limitations period began on that date and ended on January 26, 2016, one year later.[5] Movant's 2255 motion is therefore untimely because he did not file it until September 1, 2016. The untimeliness can be excused only if Movant shows that the time period should be equitably tolled.

---

[5] The one-year period is calculated using the "anniversary method, under which the limitations period expires on the anniversary of the date it began to run," i.e., the same day of the same month in the following year. *See Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (quotation marks omitted).

AO 72A
(Rev.8/82)

Accepting as true all of his allegations, Movant has not met his burden of showing that he is entitled to the extraordinary remedy of equitable tolling.[6] Movant's argument for equitable tolling rests on his claim that his lawyer abandoned him after promising to file an appeal and telling him to be patient. Movant has not alleged any facts, in his affidavit or otherwise, supporting a finding that his lawyer not only failed to file an appeal, but abandoned him. Nothing in the record indicates that Movant's lawyer "severed [his] agency relationship" with Movant or, in addition to not filing an appeal, "left [Movant] without any functioning attorney of record." *See Maples*, 132 S. Ct. at 925, 927.

But even assuming that Movant's lawyer abandoned him and that such abandonment constituted an extraordinary circumstance for purposes of equitable tolling, Movant has not shown that he was diligent in pursuing his rights. As explained further below, the record shows two things most relevant to the diligence inquiry. First, Movant's filings during the one-year limitations period show that he knew how to contact the Court to check on the status of any appeal, and those filings

---

[6] Accordingly, Movant is not entitled to an evidentiary hearing. *See* 28 U.S.C. § 2255(b); *Chavez v. Sec'y, Fla. Dep't of Corr.*, 647 F.3d 1057, 1060 (11th Cir. 2011) ("[I]f a habeas petition does not allege enough specific facts that, if they were true, would warrant relief, the petitioner is not entitled to an evidentiary hearing.").

AO 72A
(Rev.8/82)

suggest that he knew counsel was not pursuing an appeal. Second, Movant waited over one and a half years after telling his lawyer to appeal to check on the status of the appeal despite his lawyer never answering his or his cousin's phone calls.

Just three months after sentencing, and nine months before the deadline to file a § 2255 motion, Movant filed his first motion to reduce sentence. (Doc. 17.) That filing indicates that Movant thought he no longer had counsel because he filed the motion pro se, did not list any current counsel, and requested appointment of counsel. (*Id.*) Eight months after sentencing, and still over four months before the deadline to file a § 2255 motion, Movant filed another motion to reduce sentence. (Doc. 20.) That motion also indicated that Movant thought he did not have counsel because he filed the motion pro se, he stated that he was "previously represented" by appointed counsel, and he again asked for appointment of counsel. (*Id.*)

Movant's motions to reduce sentence show that he knew how to contact the Court and challenge his sentence long before the deadline to file a § 2255 motion, but he did not check on the status of any appeal or otherwise pursue relief under § 2255 until after the deadline. Those motions also conflict with Movant's current assertion that he thought after sentencing that he had a lawyer representing him on a pending appeal.

Despite filing motions pro se and requesting counsel twice before the deadline to file a § 2255 motion, Movant did not ask the Court if an appeal was filed until several months after the deadline. Movant waited one and a half years after he purportedly told his lawyer to appeal before checking with this Court, and there is no indication he ever checked with the court of appeals. Movant waited that long even though he and his cousin purportedly got no response to their calls to his lawyer. *Cf. Cadet*, 742 F.3d at 480-82 (prisoner was diligent where his lawyer "repeatedly reassur[ed]" him that he would timely file his habeas petition). And he waited that long despite his stated desire to challenge the sentence beginning on the day it was imposed.[7] Movant's belated request to the Court for a copy of the docket sheet demonstrates how little diligence was required to learn that an appeal had not been filed: Movant received the docket sheet less than a month after he requested it and filed his § 2255 motion less than two weeks later. (Docs. 27, 35); *see Pollock v. Sec'y, Dep't of Corr.*, No. 15-13512, 2016 WL 5799647, at *3 (11th Cir. Oct. 5, 2016) ("[T]he state court's quick response to his inquiry [about the status of his appeal]

[7] Movant knew at that time that an appeal had to be filed within fourteen days because the Court told him that. (Doc. 30 at 55.)

AO 72A
(Rev.8/82)

supports the circumstances were not out of [the prisoner's] control, if only he had inquired sooner.").

Another prisoner was not diligent when he, "for a period of some sixteen months, [] made virtually no effort to ascertain the status of his first habeas petition in the district court" other than sending two letters to the court and a letter to the government's counsel. *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1287-88 (11th Cir. 2002) ("A lengthy delay . . . might provide a basis for equitable tolling if the [inmate] has diligently attempted to ascertain the status . . . and if the delay prevented the inmate from filing a timely [§ 2255 motion]."). Movant did even less than the prisoner in *Drew* to ascertain, during an eighteen-month period, the status of the appeal he thought had been filed. Movant did no more than other prisoners whom courts found were not entitled to equitable tolling because they were not diligent in learning the status of their appeals. *See Williams v. United States*, 586 F. App'x 576, 576 (11th Cir. 2014) (federal prisoner was not diligent when he "did not inquire about the status of his direct appeal for more than [a] year after it was filed"); *Moore v. United States*, 438 F. App'x 445, 450 (6th Cir. 2011) (federal prisoner was not diligent where he "provided no evidence that he checked the status of his appeal before discovering his attorney's failure to file"); *Forward v. McNeil*, No. 5:07cv245-

AO 72A
(Rev.8/82)

SPM/EMT, 2008 WL 5070040, at *1, *5 (N.D. Fla. Nov. 24, 2008) ("[F]ar from depicting diligent efforts to learn about the case, Petitioner allowed over two (2) years to elapse between the filing of her notice of appeal . . . and the filing of her § 2254 petition in this court without ever contacting the [appellate court] to inquire as to the status of her appeal.").

The record supports only one finding: Movant did not exercise reasonable diligence in pursuing his rights. "In the absence of any showing of his own diligence, [Movant] cannot be entitled to the rare and extraordinary remedy of equitable tolling." *See Drew*, 297 F.3d at 1289. Movant's § 225 motion should be dismissed as untimely.

## IV. Certificate Of Appealability ("COA")

A § 2255 movant may not appeal the denial of his § 2255 motion "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). Rule 11 of the Rules Governing § 2255 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate

AO 72A
(Rev.8/82)

whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citations and quotation marks omitted). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Jimenez v. Quarterman*, 129 S. Ct. 681, 684 n.3 (2009) (quotation marks omitted).

A COA is not warranted here. It is not reasonably debatable that Movant's § 2255 motion is untimely and that Movant has not shown that he exercised reasonable diligence as required to equitably toll the limitations period. Nor has Movant substantially shown that he was denied a constitutional right.

## V. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Movant's motion to vacate sentence [27] be **DISMISSED** as untimely and that civil action number 1:16-

cv-3389-WSD-LTW be **DISMISSED**. **IT IS FURTHER RECOMMENDED** that a certificate of appealability be **DENIED**.

**SO RECOMMENDED** this 22 day of December, 2016.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)