# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CRESENCIO JUAREZ RAMIRO, <br> Movant, <br> v. <br> UNITED STATES OF AMERICA, <br> Respondent. | 1:16-cv-3389-WSD <br> 1:14-cr-173-WSD-LTW |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Linda T. Walker's Final Report and Recommendation [39] ("R&R"),[1] recommending that Movant Cresencio Juarez Ramiro's ("Movant") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [27] ("Section 2255 Motion") be dismissed, that civil action number 1:16-cv-3389-WSD be dismissed, and that a certificate of appealability be denied.

## I. BACKGROUND

On May 14, 2014, Movant pleaded guilty to one count of conspiring to possess with intent to distribute methamphetamine. ([1]; [3]). On January 9, 2015,

---

[1] Citations to the record, in this Order, refer to criminal action number 1:14-cr-173-WSD-LTW.

the Court sentenced Movant to ninety-six months in prison and three years of supervised release. ([14]). The judgment of conviction was entered on January 12, 2015. ([15]). Although Movant did not file a direct appeal, he claims he mistakenly believed, until mid-2016, that his attorney had done so. On September 1, 2016, more than a year later, Movant filed his Section 2255 Motion. On December 22, 2016, the Magistrate Judge issued her R&R, recommending that Movant's Section 2255 be dismissed as untimely. Movant did not file objections to the R&R.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Where no party has objected to the report and recommendation, the Court conducts only a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam). The

parties have not filed objections to the R&R, and the Court thus reviews it for plain error.

    B.    <u>Analysis</u>

        1.    <u>Whether Movant's Section 2255 Motion is Time-Barred</u>

Section 2255 motions are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). The limitations period generally runs from the date on which the judgment of conviction becomes final. <u>Id.</u> [2] If a federal defendant does not file an appeal, the judgment of conviction becomes final when the time to file an appeal—fourteen days in this case—expires. 28 U.S.C. § 2255(f)(l); <u>Mederos v. United States</u>, 218 F.3d 1252, 1253 (11th Cir. 2000); Fed. R. App. P. 4(b)(1)(A). A federal court may consider the merits of an untimely § 2255 motion only if the movant establishes that he is actually innocent or that the limitations period should be equitably tolled. <u>San Martin v. McNeil</u>, 633 F.3d 1257, 1267-68 (11th Cir. 2011); <u>United States v. Montano</u>, 398 F.3d 1276, 1279-80 (11th Cir. 2005). The limitations period may be equitably tolled only if the movant exercised

---

[2]     This is subject to limited exceptions not applicable in this case. <u>See</u> 28 U.S.C. § 2255(f)(2-4) (providing that the limitations period may begin on a different date where unlawful government action impeded the filing of the § 2255 motion, the movant asserts a right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review, or the movant discovered facts supporting the claim that could not have been discovered earlier with due diligence).

reasonable diligence in pursuing his rights and his filing delay resulted from extraordinary circumstances outside his control. See Holland v. Florida, 130 S. Ct. 2549, 2562, 2565 (2010). The burden to show that equitable tolling is warranted "rests squarely on the petitioner," who must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." San Martin, 633 F.3d at 1267-68. Equitable tolling is a "rare and extraordinary remedy." Id. at 1271 (quotation marks omitted).

The Magistrate Judge found, and the parties agree, that, absent equitable tolling, the one-year limitations period began on the date on which Movant's judgment of conviction became final. ([33] at 5; [34] at 2; R&R at 7). The Magistrate Judge determined that, because Movant did not file a direct appeal, his judgment of conviction became final on January 26, 2015, fourteen days after judgment was entered on January 12, 2015. ([15]; R&R at 7). The Magistrate Judge concluded that Movant's Section 2255 Motion is untimely because it was filed on September 1, 2016, more than one year later. (R&R at 7). The Court finds no plain error in these determinations.

Movant argues that equitable tolling applies because he mistakenly believed, until mid-2016, that his attorney had filed an appeal and that his appeal was in progress. The Magistrate Judge found that equitable tolling was not warranted

because Movant failed to show his attorney abandoned him or that he exercised due diligence in monitoring the status of his direct appeal. (See R&R at 7-12). The Court finds no plain error in this conclusion. See Williams v. United States, 586 F. App'x 576, 576 (11th Cir. 2014) (federal prisoner was not diligent when he "did not inquire about the status of his direct appeal for more than [a] year after it was filed"); Forward v. McNeil, No. 5:07-cv-245, 2008 WL 5070040, at * 1, *5 (N.D. Fla. Nov. 24, 2008) ("[F]ar from depicting diligent efforts to learn about the case, Petitioner allowed over two (2) years to elapse between the filing of her notice of appeal . . . and the filing of her § 2254 petition in this court without ever contacting the [appellate court] to inquire as to the status of her appeal."). Movant's Section 2255 Motion is required to be dismissed.

2. Certificate of Appealability

Rule 11 of the Rules Governing § 2255 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A federal prisoner may not appeal the denial of his § 2255 motion "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.

5

§ 2253(c)(2). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citations and quotation marks omitted); see Jones v. United States, 224 F.3d 1251, 1254 (11th Cir. 2000) (applying the Slack standard in a § 2255 case).

The Magistrate Judge found that Movant is not entitled to a certificate of appealability because it is not reasonably debatable that his Section 2255 Motion is untimely. The Court finds no plain error in the Magistrate Judge's conclusion, and a certificate of appealability is denied.

## III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Linda T. Walker's Final Report and Recommendation [39] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [27] is **DISMISSED**.

**IT IS FURTHER ORDERED** that civil action number 1:16-cv-3389-WSD is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED** this 28th day of April, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE